UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL |
| VERSUS | NO. 95-377 |
| HERMAN H. STEVENSON, III | SECTION: "S"(2) |

**TRANSFER ORDER**

Defendant, HERMAN H. STEVENSON, III, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in which he is challenging the constitutionality of his 1996 conviction and sentence. To support his challenge, defendant asserts the following grounds for relief:

1) He is legally and factually innocent of drug conspiracy because there cannot be a legal conspiracy with a government agent or informant;

2) Trial and appellate counsel rendered ineffective assistance by failing to pursue this claim.

A review of this Court's record reflects that defendant has filed a prior § 2255 motion related to this same conviction and sentence. (Rec. Doc. # 382). In that motion, filed June 2, 1999,

defendant raised 39 grounds for relief. The claims properly before the Court, which were considered, include the following:

1) Ineffective assistance of trial and appellate counsel: trial counsel failed to pursue suppression of evidence, to procure services of an accountant, to contest admission of audio tapes, to file a Brady motion, to press jurisdictional claims, to address the forfeiture issue; appellate counsel failed to seek a new trial based on trial counsel's ineffective assistance;

2) The remaining claims were found to be procedurally barred: insufficient evidence to convict because he cannot lawfully have been arrested and convicted for conspiring with a government informant, the trial court failed to order a new trial when trial counsel was relieved of her duties, wrongful arrest and wrongful seizure of evidence, the trial court's failure to consider numerous pleadings, entitlement to disclosure of the signed grand jury concurrence form, denial of appellate motions, and his place of incarceration.

That motion was denied with prejudice on the merits by Judgment entered December 7, 1999. (Rec. Doc. #410). Defendant appealed the judgment. The Fifth Circuit Court of Appeals denied his request for a certificate of appealability. United States v. Stevenson, No. 99-31386 (5th Cir. Oct. 2000).

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this  1st  day of _____December_____, 2006.

_____
UNITED STATES DISTRICT JUDGE