UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 95-377** |
| **HERMAN H. STEVENSON, III** | **SECTION: "S" (3)** |

## ORDER AND REASONS

Before the court is defendant, Herman H. Stevenson, III's, **Motion for Reconsideration** (Rec. Doc. 797), seeking reconsideration of this court's prior order denying his motion to appoint counsel (Rec. Doc. 796). In that order, the court stated:

> This case is closed. Stevenson was convicted following a trial in 1996. His unsuccessful appeal of his conviction was concluded in 1998. Numerous post-conviction motions have all been resolved, he is no longer in custody, and most recently, his petition for a writ of coram nobis was denied. Accordingly, there is no pending matter with respect to which the court could even grant the appointment of counsel.

While motions for reconsideration in criminal actions "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." United States v. Lewis, 921 F.2d 563, 564 (5th Cir. 1991) (citing United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982)). Courts apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration in the criminal context. U.S. v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010) (citing U.S. v. Healy, 376 U.S. 75, 78-79 (1964)) (discussing application of civil standard to criminal actions in the context of motions for rehearing at the appellate level).

The United States Court of Appeals for the Fifth Circuit has held that if a motion for

reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as motion to alter or amend under Rule 59(e). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citation omitted); see also FED. R. CIV. P. 59(e). Defendant filed the instant motion eight days after the ruling for which he seeks reconsideration, and it is thus subject to the standards for Rule 59(e).

Rule 59(e) serves " 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' " Merritt Hawkins & Assocs., L.L.C. v. Gresham, 861 F.3d 143, 157 (5th Cir. 2017) (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation omitted)). Amending a judgment is appropriate under Rule 59(e): " '(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.' " Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)).

In the present case, defendant has not met any of these requirements. The reasons stated in the court's original order denying the defendant's request for appointment of counsel all apply with equal force today. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Reconsideration** (Rec. Doc. 797) is **DENIED**.

New Orleans, Louisiana, this ___3rd___ day of September, 2020.

                                      **MARY ANN VIAL LEMMON**
                                    **UNITED STATES DISTRICT JUDGE**