UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO:  95-377** |
| **HERMAN H. STEVENSON, III** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Herman H. Stevenson, III's **Motion for Reconsideration** (Rec. Doc. 861) of the court's prior denial of his motion for a writ of coram nobis is **DENIED**.

### BACKGROUND

Defendant was convicted by a jury on November 13, 1996 of three counts: conspiracy to possess with intent to distribute cocaine, attempted possession with intent to distribute cocaine, and the use of a firearm in relation to a drug trafficking offense. He was sentenced to 395 months imprisonment, which was subsequently reduced to 258 months based on his successful motion for a sentence reduction under 18 U.S.C. 3582(c)(2).

While in custody, defendant filed numerous applications for post-conviction relief. On October 30, 2015, defendant was released from prison. While on supervised release, he filed a motion seeking dismissal of his indictment based on his claim of misconduct by the DEA agents involved in his case. The motion, construed as an unauthorized successive 2255[1] was denied

---

[1] A defendant on supervised release is still "in custody" for purposes of § 2255. United States v. Parker, 927 F.3d 374, 378 (5th Cir. 2019).

(Rec. Doc. 750), as was a certificate of appealability from this court (Rec. Doc. 763). Defendant then applied to the Fifth Circuit Court of Appeals for a certificate of appealability, arguing that this court should have construed his motion as an authorized successive 28 U.S.C. § 2255 motion, and contending that the merits of his claim should be addressed because law enforcement agents engaged in misconduct at the time of his arrest. Acknowledging defendant's argument regarding the alleged misconduct of law enforcement agents, and noting that a certificate of appealability will issue only if a defendant has made "a substantial showing of the denial of a constitutional right," the Fifth Circuit found that the defendant had failed to make the necessary showing and denied the certificate of appealability. United States of America v. Stevenson, No. 1830720 (5th Cir. 2019).

After conclusion of his supervised release term and expiration of his sentence, defendant filed a petition for writ of coram nobis (Rec. Doc. 782), attacking his conviction once more based on the misconduct of the law enforcement officers involved in his case. The petition was denied on March 24, 2020 based on the court's finding that it did not identify any error resulting in a complete miscarriage of justice, and therefore failed to meet the extraordinary standard required for the writ of coram nobis. Rec. Doc. 785, 4. In the instant motion, Stevenson seeks reconsideration of that ruling, re-filing the same document previously considered by the court (i.e., Rec. Doc. 782), with a new cover sheet that states in its entirety "Resubmits This Affidavit of Error In light of the Fifth Circuit overturning Julius Cerdes". Rec. Doc. 861, 1. The court construes it as a motion to reconsider its prior order denying the issuance of a writ of coram

nobis.

## DISCUSSION

The United States Court of Appeals for the Fifth Circuit has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as motion to alter or amend under Rule 59(e); otherwise it is treated as a rule 60(b) motion. <u>Shepherd v. Int'l Paper Co.</u>, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citation omitted); see also FED. R. CIV. P. 59(e). Stevenson filed the instant motion on June 20, 2025, more than five years after the denial he challenges, and is thus subject to the standards for Rule 60(b).

> Rule 60(b) provides several reasons that a court may relieve a party from an order:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons one through three above, no more than a year from the entry of the order challenged. FED. R. CIV. P. 60(c)(1). In addition, a movant seeking relief under Rule 60(b)(6) is required to

3

show "extraordinary circumstances" justifying the reopening of a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citations omitted).

By process of elimination, the court concludes Stevenson's motion is brought pursuant to Rule 60(b)(6). However, he does not specifically point to extraordinary circumstances justifying reconsideration, simply mentioning the United States Court of Appeal's ruling on Julius Cerdes' case. See United States v. Cerdes, No. 23-30141, 2023 WL 8725914 (5th Cir. Dec. 19, 2023). Cerdes, like Stevenson, claimed his conviction was tainted by the involvement of disgraced and convicted ex-DEA Officer Chad Scott, and in January 2020, sought a writ of coram nobis to vacate his conviction. The district court denied Cerdes' request for relief, finding it was brought too late because Cerdes was aware of Scott's misconduct from the beginning of the proceedings against him but did not seek relief until 2020. The Fifth Circuit reversed based on its conclusion that Cerdes was reasonable in waiting to file because of the immense power Scott had over his prosecution, thus finding that Cerdes' coram nobis petition was timely. Id. at *3.

However, in the instant case, timeliness was not the basis for the court's denial of Stevenson's prior request for coram nobis relief. Rather, the court concluded Stevenson's earlier motion reiterated an argument raised by defendant in a previous section 2255 petition, which the court had denied as successive and the Fifth Circuit held to be ineligible for a certificate of appealability. The decision rested on the fact that the prior motion did not identify any error resulting in a complete miscarriage of justice, and therefore failed to meet the extraordinary standard required for the writ of coram nobis. The issue of timeliness did not enter into it. Accordingly, the Fifth Circuit's ruling in Cerdes on the issue of timeliness has no relevance to

Stevenson's reconsideration request, which fails to identify extraordinary circumstances justifying Rule 60(b) relief, or an error resulting in a complete miscarriage of justice. Accordingly,

**IT IS HEREBY ORDERED** that defendant Herman H. Stevenson, III's **Motion for Reconsideration** (Rec. Doc. 861) of the court's prior denial of his motion for a writ of coram nobis is **DENIED**.

New Orleans, Louisiana, this   26th   day of June, 2025.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**